RECORD NO. 15-1261
_____

# IN THE
# United States Court of Appeals
## FOR THE FOURTH CIRCUIT
_____

**CHARITY CHIDINMA EMERONYE SWIFT,**

*Plaintiff-Appellant*,

v.

**FRONTIER AIRLINES, INC. and JANE DOE,**

*Defendants-Appellees*.

_____

On appeal from the United States District Court
For the Eastern District of Virginia, Alexandria Division
_____

## REPLY BRIEF OF PLAINTIFF–APPELLANT

_____

| | |
|---|---|
| Charity Chidinma Emeronye Swift | Stephen Christopher Swift |
| Swift & Swift, Attorneys at Law, P.L.L.C. | Swift & Swift, Attorneys at Law, P.L.L.C. |
| 2121 Eisenhower Avenue, Suite 200 | 2121 Eisenhower Avenue, Suite 200 |
| Alexandria, Virginia 22314-4688 | Alexandria, Virginia 22314-4688 |
| Telephone: (703) 418-0000 | Telephone: (703) 418-0000 |
| Facsimile: (703) 535-8205 | Facsimile: (703) 535-820 |
| E-Mail: charity@swift.law.pro | E-Mail: steve@swift.law.pro |

*Counsel for Plaintiff-Appellant Charity Chidinma Emeronye Swift*

# TABLE OF CONTENTS

|  | Page |
|---|---|
| **TABLE OF AUTHORITIES** | ii |
| **PRELIMINARY STATEMENT** | 1 |
| **ARGUMENT** | 6 |
| **STANDARD OF REVIEW** | 7 |
| **(A) THE DISTRICT COURT ERRED IN NOT APPLYING CONTRACT LAW PRINCIPLES IN REACHING ITS DECISION** | 8 |
| **(i) THE PARTIES DID NOT REACH A COMPLETE SETTLEMENT AGREEMENT BECAUSE SIGNING THE RELEASE WAS A CONDITION PRECEDENT TO A BINDING AGREEMENT** | 8 |
| **(ii) THE DISTRICT COURT ERRED IN HOLDING THAT THERE WAS A MEETING OF THE MINDS, BECAUSE IN FACT, THERE WAS NO SUCH MEETING OF THE MINDS AND AS SUCH THERE CANNOT BE A BINDING SETTLEMENT AGREEMENT** | 9 |
| **(iii) IT HAS AUTHORITY TO ENFORCE A DRAFT UNSIGNED SETTLEMENT AGREEMENT BECAUSE THERE WAS NO SETTLEMENT AGREEMENT** | 10 |
| **(B) THE DISTRICT COURT ERRED IN CONCLUDING THAT THERE WERE NO MATERIAL FACTS IN DISPUTE TO PRECLUDE SUMMARY JUDGMENT** | 11 |
| **(D) COMPELLING PLAINTIFF-APPELLANT TO SIGN THE RELEASE WOULD SUBJECT HER TO PERJURY** | 13 |
| **CONCLUSION** | 14 |
| **CERTIFICATE OF SERVICE** |  |

# TABLE OF AUTHORITIES

**Pages**

**CASES**

*Atl. Realty Co. v. Robertson's Ex'r*, 135 Va. 247, 253-54,
116 S.E. 476 (1923) — 9

*Cameron Jibril Thomaz, v. It's My Party, Inc., dba I.M.P., Inc.*, et al.,
2013WL 1450803 (E.D.Va) — 9

*Cia Anon Venezolana de Navegacion v. Harris*, 374 F.2d 33 (5th Cir. 1967) — 12

*Columbus-Am. Discovery Group v. Atlantic Mutual Ins. Co.*,
203 F.3d 291 (4th Cir. 1999) — 11

*Corbett v. Bonney*, 202 Va. 933, 938, 121 S.E.2d 476 (1961) — 10

*Golding v. Floyd*, 261 Va. 190, 539 S.E.2d 735 (2001) — 8

*Green's Exr's v. Smith*, 146 Va. 442, 452 (1926) — 9

*Hensley v. Alcon Labs.*, Inc., 277 F.3d 535, 540 (4th Cir. 2002) — 7, 11

*Hwerz Corp v. Zurich American Ins. Co.*,
496 F.Supp.2d 668, 676 (E.D.Va. 2007) — 9

*Intersections, Inc.v. Loomis,*
No. 1:09-cv-597 (LMB/TCB).2010 WL 4623877 (E.D. Va.) — 8

*Kukla v. National Distillers Products Co.*, 483 F.2d 619 (6th Cir. 1973) — 12

*Lacey v. Cardwell*, 216 Va. 212, 223, 217 S.E.2d 835 (1975) — 9

*Massachusetts Casualty Ins. Co. v. Forman,* 469 F.2d 259 (5th Cir. 1972) — 12

*Millner v. Norfolk & W. Ry. Co.*, 528 F.2d 423, 425 (4th Cir. 1975) — 11, 12

*Millner v. Norfolk & W. R. Co.*, 643 F.2d 1005, 1981 U.S. App. LEXIS 19611,
31 Fed. R. Serv. 2d (Callaghan) 182 (4th Cir. W. Va. 1981) — 7

**Pages**

*Moore v. Beaufort County*, 936 F.2d 159, 162 (4th Cir. 1991)     7

*Napier v. Chesapeake & Ohio R.R.*, 582 F.2d 1344 (4th Cir. 1978)     13

*Ozyagcilar v. Davis*, 701 F.2d 306, 308 (4th Cir.1983)     7, 11

*Phillips v. Mazyck*, 643 S.E.2d 172, 175 (Va.2007)     9

*Player v. Chandler,* 299 S.C. 101, 382 S.E.2d 891, 893 (1989)     9, 10

*Sengal v. Fakouri Elec. Eng'g, Inc*. (E.D. Va. 2011)     10

*Snyder-Falkinham v. Stockburger*, 249 Va. 376, 379 457, S.E.2d 36 (Va. 1995)     9

*Wood. v. Virginia Hauling Co*., 528 F.2d 423, 426 (4th Cir. 1975)     11, 12, 13

## OTHER AUTHORITIES

Holy Bible, New International Version (NIV), John 11:33-36     3

## **PRELIMINARY STATEMENT**

Defendants-Appellees' Preliminary Statement states: "This case involves a sophisticated party's attempt to renege on a valid settlement agreement, in contradiction of this Court's policy strongly favoring such agreements and affording district courts broad authority to enforce them. The dispute involved a $25.00 baggage fee that Charity Chidinma Emeronye Swift ("Plaintiff") claimed Defendant Frontier Airlines, Inc. and an unknown gate agent (collectively "Frontier") wrongly charged her."

"Sophisticated party" – Plaintiff-Appellant is amused, and thanks Defendants-Appellees for their complement, without trying to get into their head. "$25.00 baggage fee … Plaintiff-Appellant claimed …." Defendants charged Plaintiff-Appellant the above fee. She paid it with her credit card, and Defendants-Appellees have never denied that Plaintiff-Appellant did pay the fee. Plaintiff-Appellant, three (3) times, during the brief settlement discussion, was almost in tears, overcome with emotion, and during those three separate moments told Defendant's Counsel Paula Wegman so, and apologized. To-date, in all Defendant-Appellee's filings, Defendants' and their counsel never

1

denied that Plaintiff-Appellant was emotional as she claims, or that she told her so three times during the very short period of the discussion.

Far from it, this case resulted from a party's belief and unflattering way of doing business - overreaching – the end justifies the means ideology. This case involves a party who, due to woeful lack of understanding, their underestimation, misinterpretation of the other party, who was in a state of shock, unbelief, and overwhelming distress and emotion, (prompted by a mental recall of all that she suffered as they flashed back to her during her discussion with Jane Doe), as a result of the unwarranted humiliation she suffered at the hands of Frontier's agent – discrimination – a very serious and vexing human issue, that the other party has never personally experienced, knows little or nothing about, or the effects invidious discrimination has on black people and minorities in the United States of America in general, and specifically had on the "sophisticated party".

Being in a distressed and emotional state has nothing whatsoever to do with knowledge, smarts or intelligence. It is part of being human. If it were, none of our intelligent and smart public figures will ever show emotion in public.  For example anyone who follows events in this

2

country, would have seen the Speaker of the House of Representatives, John Boehner, cry and in fact shed tears out of deep emotion. That does not have anything to do with his smarts or his sophistication.

The shortest verse in the Holy Scriptures – the Bible, is "JESUS WEPT".  See King James Bible John 11: 35. GOD'S WORD® Translation says: "JESUS CRIED".  Jesus loved Lazarus a lot, and when he died, he showed human emotion. Yet, Jesus is Lord, the "all-knowing" omnipotent, omnipresent, and omniscient!

> 33 When Jesus saw her weeping, and the Jews who had come along with her also weeping, he was deeply moved in spirit and troubled.
> 34 "Where have you laid him?" he asked.
> "Come and see, Lord," they replied.
> 35 Jesus wept.
> 36 Then the Jews said, "See how he loved him!"[1]

Your pardon please: Plaintiff-Appellant is not in any way, shape or form trying to compare herself to the Lord Christ. But just to shed some light on and debunk Defendants-Appellees' "unsophisticated" deliberate distortions and misrepresentations.

---

[1] John 11:33-36 New International Version (NIV)

3

The facts in deed, involved a $25.00 fee. (No "redacting" here? Oh, it is not the $15,000 settlement figure.) But then, no, it is not about a $25.00 baggage fee, and any attempt by Defendants to minimize the unwarranted discrimination Plaintiff-Appellant suffered in their hands, must be rejected.

This Court is well beyond, more than "sophisticated", Defendants-Appellees word play and insinuations. This honorable Court, that is charged to do justice and fairness, and the **only** hope for redress and justice, that people like Plaintiff-Appellant have, who are discriminated against almost every day of their lives in this country, and in some cases killed, because of the color of their skin, or their ethnic origin etc., knows better than Defendants-Appellees, that "this dispute" is **NOT** about the $25.00 baggage fee Plaintiff-Appellant was charged at Denver Airport, when she was prevented from boarding the plane. But it is about a more sinister, dangerous cancer, that is eating the fabric of this blessed country, that must be stopped, whenever it rears its ugly head. Plaintiff-Appellant need not bother the Court further with the facts of the case as it has been fully stated in Plaintiffs-Appellant opening brief.

4

Plaintiff-Appellant and her husband (who is a Caucasian male) were both similarly situated in all respects but for the color of her skin, her ethnicity and national origin. Yet, Plaintiff-Appellant was insulted, humiliated, threatened with an arrest, and the police was called for her arrest. She was then forced to pay for her carry-on even though Defendants had no right to charge her based on their own ticket that was issued to Plaintiff-Appellant, and their own policies at the time. However, no such demand was made on her husband, even after Plaintiff-Appellant asked why her husband was not being asked to pay. That was blatant and unbridled discrimination! Defendants may never know what it feels like, to be a law abiding citizen, who takes pride and great effort to do what is right, just to be treated like they don't belong just because of the color of their skin. When a "sophisticated party", with two law degrees, without any legitimate reason, is prevented from boarding her flight she fully paid for, by a white lady who felt she had power over Mrs. Swift, just because she is white and a gate agent, threatened, insulted her, ("don't you understand English …"), and in fact, called for the police to arrest her because she asked why she had to pay a fee, what else can a black person do in order to be accepted as a

5

human being worthy to enjoy the same freedoms and rights of citizenship as white persons do in America? *That* is the question and what this case is all about.

Plaintiff-Appellant, respectfully requests this Court to reverse the District Court's decision.

## **ARGUMENT**

What this case is about is not a twenty-five dollar baggage fee, but the dignity and self-worth of Plaintiff-Appellant Charity Chidinma Emeronye Swift ("Mrs. Swift") in the face of invidious discrimination by an unnamed employee ("Jane Doe") of Defendant-Appellee Frontier Airlines, Inc. ("Frontier").

There is nothing in the record to indicate that any oral agreement as to confidentiality was limited to the amount of the money to be paid by Frontier, rather than the entire settlement.[2] Confidentiality of the entire settlement agreement was required in the proposed written agreement that Frontier e-mailed.[3] Frontier made its proposed written agreement impossible to carry out, by unilaterally publishing in its

---

[2] Joint Appendix ("J.A.") 204
[3] J.A. 140

6

unsealed court filings its entire text, with the sole exception of the settlement amount, which was a small amount for a case of this nature.

## STANDARD OF REVIEW

The District Court did not have inherent power to enforce the settlement agreement:

> Thus, to exercise its inherent power to enforce a settlement agreement, a district court (1) must find that the parties reached a complete agreement and (2) must be able to determine its terms and conditions. *Moore v. Beaufort County*, 936 F.2d 159, 162 (4th Cir. 1991); *Ozyagcilar*, 701 F.2d at 308. If there is a factual dispute over the existence of an agreement, over the authority of attorneys to enter into the agreement, or over the agreement's terms, the district court may not enforce a settlement agreement summarily. See *Alexander*, 901 F.2d at 41; *Millner*, 643 F.2d at 1010. Instead, when such factual disputes arise, the court must "conduct a plenary evidentiary hearing in order to resolve that dispute," *Millner*, 643 F.2d at 1009, and make findings on the issues in dispute, see *Ozyagcilar*, 701 F.2d at 308. If a district court concludes that no settlement agreement was reached or that agreement was not reached on all the material terms, then it must deny enforcement.[4]

In the present case, there was at least a factual dispute over the terms of the agreement, at least with respect to the parties to which the

---

[4] *Hensley v. Alcon Labs.*, 277 F.3d 535, 540-541, 2002 U.S. App. LEXIS 858, *12, 87 Fair Empl. Prac. Cas. (BNA) 1629 (4th Cir. W. Va. 2002)

7

release should apply.[5] Thus, the district court should not have enforced the settlement summarily. No plenary evidentiary hearing was held. As agreement was not reached on all the material terms, the court should have denied enforcement.

### (A) THE DISTRICT COURT ERRED IN NOT APPLYING CONTRACT LAW PRINCIPLES IN REACHING ITS DECISION

### (i) THE PARTIES DID NOT REACH A COMPLETE SETTLEMENT AGREEMENT BECAUSE SIGNING THE RELEASE WAS A CONDITION PRECEDENT TO A BINDING AGREEMENT

The Court in *Intersections, Inc.v. Loomis No.*[6], noted that "if any material portions of the proposed settlement terms were not resolved by the parties, there is no enforceable agreement. Moreover, under Virginia law, a settlement that includes a term requiring that it be reduced to a signed writing is not enforceable unless and until that contingency is fulfilled. A handwritten "Settlement Agreement Memorandum" agreed to at a mediation was not a binding settlement agreement where all parties understood that a formal settlement agreement had to be drafted signed.[7] Where the parties contemplate

---

[5] J.A. 191-192
[6] 1:09-cv-597 (LMB/TCB) 2010 WL 4623877 (E.D. Va.)
[7] *Golding v. Floyd*, 261 Va. 190, 539 S.E.2d 735 (2001)

8

signing a written agreement later, there is a presumption that "no contract has been entered into, which requires strong evidence to overcome."[8]

### (ii) THE DISTRICT COURT ERRED IN HOLDING THAT THERE WAS A MEETING OF THE MINDS, BECAUSE IN FACT, THERE WAS NO SUCH MEETING OF THE MINDS AND AS SUCH THERE CANNOT BE A BINDING SETTLEMENT AGREEMENT

The base-line requirement for finding the existence of a contract, written, oral, implied, or otherwise, is a showing of mutual assent at the time of agreement, i.e., the proverbial "meeting of the minds."[9]  "It is elementary that mutuality of assent –the meeting of the minds of the parties –is an essential element of all contracts."[10]  In order to have a binding contract, the parties must have a meeting of the minds with regard "to all essential and material terms of the agreement."[11] The meeting of the minds cannot be based on "secret purpose or intention on

---

[8] *Atl. Realty Co. v. Robertson's Ex'r*, 135 Va. 247, 253-54, 116 S.E. 476 (1923)

[9] *Cameron Jibril Thomaz, v. It's My Party, Inc., dba I.M.P., Inc.*, et al., 2013WL 1450803 (E.D.Va); *Hwerz Corp v. Zurich American Ins. Co.*, 496 F.Supp.2d 668, 676 (E.D.Va. 2007) (citing *Snyder-Falkinham v. Stockburger*, 249 Va. 376, 379, 457 S.E.2d 36 (Va. 1995))

[10] *Lacey v. Cardwell*, 216 Va. 212, 223, 217 S.E.2d 835 (1975) (quoting *Green's Exr's v. Smith*, 146 Va. 442, 452 (1926); *Phillips v. Mazyck*, 643 S.E.2d 172, 175 (Va.2007)

[11] *Player v. Chandler,* 299 S.C. 101, 382 S.E.2d 891, 893 (1989)

9

the part of one of the parties stored away in his mind and not brought to the attention of the other party."[12]

### (iii) IT HAS NO AUTHORITY TO ENFORCE A DRAFT UNSIGNED SETTLEMENT AGREEMENT BECAUSE THERE WAS NO SETTLEMENT AGREEMENT

An elementary principle of contract law is that a party signing a written contract has a duty "to inform himself of its contents before executing …it."[13]  This is what Mrs. Swift did and decided not to sign. It was one sided document, with terms that she never discussed or agreed to.  She believes also, that it was an unconscionably one sided document borne out of one party dominating every process, and that the consideration  was so inadequate, objectively and unacceptably unfair, given the likelihood of success on the merit of her underlying discrimination case.

"It is well settled that a district court retains inherent jurisdiction and equitable power to enforce agreements entered into in settlement of litigation before that court."[14]  "It is clear that the district court only retains the power to enforce complete settlement agreements; it does

---

[12] *Player*, 382 S.E.2d at 894
[13] *Corbett v. Bonney*, 202 Va. 933, 938, 121 S.E.2d 476 (1961)
[14] In *Sengal v. Fakouri Elec. Eng'g, Inc.* (E.D. Va. 2011)

10

not have the power to impose, in the role of final arbiter, a settlement agreement where there was never a meeting of the parties' minds."[15]

Although the lower court may retain inherent authority, is limited only to where there is agreement on the whole terms of discussions. Authority to enforce such an agreement, however, applies to the agreement in its entirety, not to such selected parts that the court deems appropriate.[16] If the Court determines that such a settlement agreement is only a partial settlement, then it should reject the whole. The district court may either implement a complete settlement agreed to by the parties or restore them to the status quo.[17]

### (B) THE DISTRICT COURT ERRED IN CONCLUDING THAT THERE WERE NO MATERIAL FACTS IN DISPUTE TO PRECLUDE SUMMARY JUDGMENT

This Court has noted that "the threshold question raised by this appeal is whether the settlement agreement relied on by N&W was

---

[15] *Ozyagcilar v. Davis*, 701 F.2d 306, 308 (4th Cir.1983) (citing *Millner v. Norfolk & W. Ry. Co.*, 528 F.2d 423, 425 (4th Cir. 1975)). See also *Hensley v. Alcon Labs.*, Inc., 277 F.3d 535, 540 (4th Cir. 2002).
[16] *Columbus-Am. Discovery Group v. Atlantic Mutual Ins. Co.*, 203 F.3d 291 (4th Cir. 1999); *Ozyagcilar v. Davis*, 701 F.2d 306, 308 (4th Cir.1983)
[17] *Wood. v. Virginia Hauling Co.*, 528 F.2d 423, 426 (4th Cir. 1975)

11

amenable to summary enforcement by the district court."[18] This Court held that it was not. Mrs. Swift, like Millner, argued that there were material facts that should preclude summary judgment, so the lower court likewise should be reversed.

In *Millner,* the court noted: "A number of courts have recognized the authority of a trial court summarily to enforce a settlement agreement and to enter judgment based on that agreement without plenary hearing."[19]  "This authority, however, arises not under Rule 56 of the Federal Rules of Civil Procedure, but under the trial court's inherent equitable power summarily to enforce a settlement agreement when the practical effect is **merely to enter a judgment by consent**.[20]  When, however, there is a material dispute about the existence of a settlement agreement,[21] or the authority of an attorney to enter a settlement agreement on behalf of his client,[22] the trial court

---

[18] *Millner v. Norfolk & W. Ry. Co.*, 528 F.2d 423, 425 (4th Cir. 1975)
[19] See, e. g., *Kukla v. National Distillers Products Co.*, 483 F.2d 619 (6th Cir. 1973); *Cia Anon Venezolana de Navegacion v. Harris*, 374 F.2d 33 (5th Cir. 1967).
[20] Id. (Emphasis added.)  See *Wood v. Virginia Hauling Co.*, 528 F.2d 423, 425 (4th Cir. 1975); *Kukla,* 483 F.2d at 621.
[21] See, e. g., *Kukla,* 483 F.2d at 621-22
[22] See, e. g., *Massachusetts Casualty Ins. Co. v. Forman,* 469 F.2d 259 (5th Cir. 1972)

12

must, of course, conduct a plenary evidentiary hearing in order to resolve that dispute. The decisions in this circuit are in accord with these general principles. In the leading case,[23] it was recognized as controlling by the district court below. "At the time we decided Napier, we had already made it clear in *Wood v. Virginia Hauling Co.*, 528 F.2d at 425, that when there is a substantial factual dispute respecting the validity of a settlement agreement, the trial court must hold an evidentiary hearing in order to resolve that dispute."[24]

### (C) COMPELLING PLAINTIFF-APPELLANT TO SIGN THE RELEASE WOULD SUBJECT HER TO PERJURY

The proposed "CONFIDENTIAL FULL RELEASE AND SETTLEMENT AGREEMENT" ("Release") prepared by Frontier's counsel states, "Releasor [Mrs. Swift] attests that she has read and understands the content and legal effect of this Confidential Full Release and Settlement Agreement and has freely executed it."[25]  If the court orders her to sign the Release, then she has not "freely executed it." As the Release is to be notarized,[26] this statement will be

---

[23] *Napier v. Chesapeake & Ohio R.R.*, 582 F.2d 1344 (4th Cir. 1978)
[24] Id.
[25] J.A. 139, paragraph H, second sentence.
[26] J.A. 140

13

under oath, and as it will be false, it will be perjury. Furthermore, the Release provides that the notary is to certify that Mrs. Swift "signed, sealed and delivered the said instrument as her free and voluntary acts,"[27] which will also be false.

## CONCLUSION

There was no binding agreement between the parties, because there was no meeting of the minds, as material term were not agreed upon. There were genuine material facts in dispute that precluded summary judgment and or the District Court's exercise of inherent power. For these reasons and the other foregoing arguments and the authorities cited, Plaintiff-Appellant pray this Court to reverse the District Court's decision to dismiss her case, and remand for further proceedings and trial.

---

[27] J.A. 140

14

Respectfully submitted,

| | |
|---|---|
| /s/ Stephen Christopher Swift | /s/ Charity Chidinma Emeronye Swift |
| Stephen Christopher Swift | Charity Chidinma Emeronye Swift |
| Swift & Swift, | Swift & Swift, |
| Attorneys at Law, P.L.L.C. | Attorneys at Law, P.L.L.C. |
| 2121 Eisenhower Avenue, Suite 200 | 2121 Eisenhower Avenue, Suite 200 |
| Alexandria, Virginia 22314-4688 | Alexandria, Virginia 22314-4688 |
| Telephone: (703) 418-0000 | Telephone: (703) 418-0000 |
| Facsimile: (703) 535-8205 | Facsimile: (703) 535-8205 |
| E-Mail: steve@swift.law.pro | E-Mail: charity@swift.law.pro |
| *Counsel for Plaintiff-Appellant* | *Counsel for Plaintiff-Appellant* |
| *Charity Chidnma Emeronye Swift* | *Charity Chidinma Emeronye Swift* |

## CERTIFICATE OF SERVICE

I hereby certify that on July 23, 2015, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Fourth Circuit by using the CM/ECF system, which will send electronic notification of such filing to all counsel of record.

<u>/s/ Stephen Christopher Swift</u>
Stephen Christopher Swift
Swift & Swift, Attorneys at Law, P.L.L.C.
2121 Eisenhower Avenue, Suite 200
Alexandria, Virginia 22314-4688
Telephone: (703) 418-0000
Facsimile: (703) 535-8205
E-Mail: steve@swift.law.pro